IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID GLEN FRYE                                                                                    PLAINTIFF

V.                                          Civil No. 2:15-cv-02036-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff, David Frye, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his application for DIB on November 4, 2010, alleging an onset date of July 12, 2010, due to lower back problems, fusion at the C4 and 5 levels, right arm problems, bilateral knee problems, attention deficit disorder ("ADD"), and vision problems in his left eye. Tr. 102-108, 109-114, 148-149, 159. The Commissioner denied his application initially and on reconsideration. The Administrative Law Judge ("ALJ") held an administrative hearing on October 20, 2011, and entered an unfavorable decision on November 10, 2011. Tr. 8-22, 614-636.

On appeal, this Court remanded the matter on December 9, 2013, for further consideration of the Plaintiff's left eye blindness. Tr. 601-610. On August 27, 2014, the ALJ held a supplemental hearing. Tr. 529-544. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 50 years old and possessed a high school education. Tr. 21, 140, 520. He had past relevant work ("PRW") experience as a pawn broker and retail sales clerk. Tr. 30, 32, 140-147, 160.

On January 12, 2015, the ALJ concluded that Plaintiff's right elbow disorder, bilateral knee disorder, lumbar spine disorder status post fusion, left eye vision loss, dysthymia, attention deficit hyperactivity disorder, and obesity were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 513-516. After partially discrediting the Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except

> [t]he claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant must wear protective glasses and must turn his head to the left as needed to obtain full peripheral vision. He can perform work limited to simple, routine, and repetitive tasks involving only simple, work related decisions and few, if any, workplace changes where he has no more than incidental contact with co-workers, supervisors, and the general public.

Tr. 516-517. With the assistance of a vocational expert, the ALJ then found Plaintiff capable of performing work as a production worker, addressing clerk, and production assembler. Tr. 521. On July 21, 2014, the Plaintiff turned 50 years of age, causing him to meet Medical-Vocational Rule 201.14. Tr. 521. Thus, the ALJ deemed him disabled as of July 21, 2014.

Subsequently, Plaintiff filed this action. ECF No. 1. This matter is before the undersigned by consent of the parties. ECF No. 6. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 11, 12.

## II.     **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial

3

gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982) (en banc) (abrogated on other grounds); 20 C.F.R. § 404.1520(a)(4)(v).

### III.     Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination in this case. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 416.945 (2014). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

In the present case, the Plaintiff has a plethora of impairments. He experienced an injury to his right elbow during the 1970s necessitating the removal of the radial head, which is the part of the elbow at the end of the lower arm bone. In the 1990s, the Plaintiff also began treatment for back pain and ultimately underwent fusion surgery in July 2010. Further, in 2013, the Plaintiff experienced torn ligaments in both knees, requiring surgery and resulting in osteoarthritic changes bilaterally that were treated via steroid injections and pain management. The record contains over

4

500 pages of medical records documenting treatment for the Plaintiff's impairments[1] and prescriptions for medications to include Oxycontin, Oxycodone, Phenergan, Topamax, Zanaflex, and Lisinopril. Six RFC assessments are also included in the transcript, thoroughly documenting the Plaintiff's work-related limitations.

In March 2011, Dr. Ngoc Hoang performed a consultative physical exam, noting a reduced range of motion in the right elbow, positive straight leg raising bilaterally, permanent flexion of the right elbow, decreased grip strength on the right (40%), an uncoordinated gait, a positive Romberg sign, and blindness in the left eye. Tr. 402-406. He then assessed "severe physical limitations for work activities."

In April 2011, Dr. John Friedl, the Plaintiff's then pain management specialist, completed a medical source statement indicating that he would be limited to sedentary work and with regard to reaching, handling, fingering, and feeling. Tr. 438-440, 734-736.

Later that month, Dr. Ted Honghiran performed a consultative orthopedic examination, during which he noted a limited range of motion in the right elbow, a decreased range of motion in the knees, and a limited range of motion in his lumbar spine. Tr. 421-423, 425. He restricted the Plaintiff with regard to lifting over 20 pounds, prolonged standing, and frequent bending and stooping.

On August 12, 2014, the Plaintiff underwent a functional capacity evaluation. Tr. 737-754. The examiner noted a decreased range of motion in the Plaintiff's lumbar spine and right elbow. Testing showed he could generally function in the sedentary range with a few additional limitations on activity. He could frequently reach bilaterally, reach overhead on the left, handle,

---

[1] The Plaintiff received monthly pain management services through the Wellness Clinic of Roland. Tr. 436-437, 442-461, 464-470, 502-505, 763-766, 785, 790, 795, 800-901, 937-644. Thus, the ALJ is incorrect in his statement that the Plaintiff did not seek out treatment for his impairments.

finger, and sit and occasionally walk, balance, stoop, kneel, climb stairs, push/pull, reach overhead on the right, and stand. The Plaintiff also exhibited a significantly decreased grip strength on the right and required the ability to change positions at will.

On August 15, 2014, Dr. John Wellman, Plaintiff's current pain specialist at the Wellness Clinic of Roland, completed a medical source statement. Tr. 755-757, 782-784. He limited the Plaintiff to lifting 10 pounds occasionally and no weight frequently; standing/walking less than 2 hours per day (with crutches) due to his knees; and, sitting less than 6 hours per day. Dr. Wellman further indicated that the Plaintiff would need the ability to sit and stand at will; could not climb, balance, kneel crouch, or crawl; had a limited ability to reach, handle, finger, and feel; was limited with regard to pushing/pulling; and, suffered impaired vision in the left eye.

On August 19, 2014, Dr. Luc Balis, the Plaintiff's primary care physician, completed a physical RFC assessment. Tr. 758-760. Dr. Balis also opined that the Plaintiff could lift less than 10 pounds; stand and walk less than 2 hours; sit less than 6 hours; never climb, balance, crouch, or crawl; and would be limited with regard to reaching, handling, and exposure to environmental factors.

On August 26, 2014, Janet Canada, a nurse practitioner for neurosurgeon Dr. Arthur Johnson, completed a medical source statement. Tr. 945-947. Ms. Canada limited the Plaintiff to lifting and carrying 20 pounds and standing and walking two hours per day. She also indicated that he would need to alternate between sitting and standing. Further, Nurse Canada noted that his ability to reach was limited due to weakness in his right arm.

As previously noted, the ALJ concluded that the Plaintiff could perform sedentary work involving occasional climbing, balancing, stooping, kneeling, crouching and crawling; simple, routine, and repetitive tasks involving only simple, work related decision and few workplace

changes; and no more than incidental contact with co-workers, supervisors and the general public. Based on this Court's prior remand order, the ALJ also concluded that the Plaintiff must wear protective glasses and turn his head to the left as needed to obtain full peripheral vision. In so doing, the ALJ dismissed the reaching, handling, and postural limitations imposed by Plaintiff's treating and examining doctors, stating that the assessments were largely based on the Plaintiff's subjective complaints and were not supported by the overall record. However, we find it highly improbable that all six doctors based their assessments on the Plaintiff's subjective complaints. Accordingly we find remand is necessary to allow the ALJ to reevaluate the evidence concerning the Plaintiff's ability to climb, balance, stoop, kneel, crouch, crawl; use his right upper extremity to reach, handling and manipulate items; and, his need for a sit/stand option.[2]

## IV.    Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of January, 2016.

/s/Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[2] While we note that the prior remand in this case determined that the evidence did not support limitations related to the Plaintiff's right arm, we note that the Magistrate Judge did not have benefit of the assessments completed in 2013 and 2014 or the functional capacity evaluation. Given this additional evidence, it is clear that further consideration of the Plaintiff's right arm impairment is necessary.

7