IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID GLENN FRYE                                                    PLAINTIFF

      v.                          CIVIL NO. 2:15-cv-2036-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF Nos. 15, 16. The matter is before the undersigned by consent of the parties. ECF No. 6.

**I.      Background:**

On March 30, 2016, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $4,193.50 representing a total of 19.40 attorney hours for work performed in 2015 at an hourly rate of $190.00, .50 attorney hours for work performed in 2015 at a rate of $190.00, and 5.50 paralegal hours at an hourly rate of $75.00. ECF No. 16-3. On April 7, 2016, the Commissioner filed a objecting to the hourly rate sought and the number of hours Plaintiff's counsel is requesting. ECF No. 18. The Plaintiff filed a reply on February 16, 2016, conceding the hourly rate is excessive, but contending the number of hours requested is both reasonable and compensable under the EAJA. ECF No. 19.

**II.     Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*,

509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The EAJA requires an attorney seeking fees to submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case, the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983). Further, the Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

III.   **Discussion:**

In the present action, Plaintiff's case was remanded by this Court pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA. ECF No. 18. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

A.   **Hourly Rate:**

As a general rule, attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorney's justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic, though, and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Sanders v. Astrue*, 2012 WL 19422 (W.D. Ark. Jan 3, 2012), this Court decided to follow the approach set forth in *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 969-974 (N.D. Iowa 2004), wherein the Court found that "a reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services were performed." *Id.* at 974. In this case, we find that an increase in the cost of living justifies a higher fee. However, Plaintiff is only entitled to reimbursement at the hourly rate of $187.00 for attorney work performed in 2015 and $188.00 for the work performed in 2016.

B.   **Clerical Tasks:**

The Commissioner objects to a total of 1.30 paralegal hours and .10 attorney hours, arguing that the tasks performed were clerical in nature and did not require any legal expertise. We are

governed by *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987), which held that work which could have been completed by support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

After reviewing counsel's itemization of time and the Defendant's objections, the undersigned finds that the following tasks are purely clerical in nature and not compensable under EAJA: Paralegal verifying valid service of summons, Paralegal preparing and scanning Affidavit of Service to Clerk, and Paralegal submitting brief using CMECF. Counsel is, however, awarded the .05 of the attorney hours requested receiving and reviewing the Notice of Direct Assignment to the U. S. Magistrate Judge.

Accordingly, Plaintiff's award will be reduced by .05 attorney hours in 2015 and 1.30 paralegal hours.

      **C.**    **Payment of EAJA fees:**

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. In keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

**IV.**    **Conclusion:**

Based upon the foregoing, the undersigned awards the Plaintiff attorney fees under the EAJA in the amount of **$4,027.40** for 19.40 attorney hours performed in 2015 at an hourly rate of $187.00, .45 attorney hours in 2016 at a rate of $188.00 per hour, and 4.20 paralegal hours at an hourly rate of $75.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are further reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Dated this 31st day of August, 2016.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE